IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

WILLIE LEE HUNTER                                                                 PLAINTIFF

VERSUS                                              CIVIL ACTION NO. 1:09-cv-195-HSO-JMR

MELTON HARRIS, *et al.*                                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER OVERRULING PLAINTIFF'S
OBJECTION AND ADOPTING REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Willie Lee Hunter's Objection [51] to Chief Magistrate Judge John M. Roper's Report and Recommendation [47]. Judge Roper reviewed Served Defendants' Motions for Partial Summary Judgment [23] and for Summary Judgment [40], Plaintiff's Motion for Summary Judgment [46], and the related pleadings. Judge Roper determined that Served Defendants' Motions for Partial Summary Judgment [23] and for Summary Judgment [40] should be granted, that Plaintiff's Motion for Summary Judgment [46] should be denied, and that Plaintiff's claims should be dismissed with prejudice. *See* Report and Recommendation, at pp. 38-39.

After Judge Roper entered his Report and Recommendation [47], Plaintiff filed an Objection [51]. Plaintiff states that "Plaintiff agree [sic] with the Court's decision that Plaintiff haven't [sic] shown enough and/or no factual evidence to support his claim, and some parts of his claim, it would be impossible for Plaintiff to prove...." Pl.'s Obj. [51], at p. 2. However, Plaintiff asks "the Court to please summon and/or subpena [sic] this factual evidence that's submitted in this Motion before making its Final Judgment." *Id.*

I.  DISCUSSION

A.  Standard of Review

Federal Rule of Civil Procedure 56(c) states that the judgment sought shall be rendered forthwith if the pleadings, discovery and disclosure materials on file, and affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  Pursuant to 28 U.S.C. § 636(b)(1), if written objections are timely filed to a magistrate judge's proposed findings and recommendations on a referred motion for summary judgment, the Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

B.  Plaintiff's Request for Additional Discovery

Plaintiff seeks "all footage on N-E dayroom during the month of May 2008." *Id.* at p. 5.  Plaintiff submits a Report [51-2] from the Jackson County Adult Detention Center ["JCADC"], which states that the first part of an unrelated incident on the morning on May 27, 2008, in the NE dayroom was recorded.  *See* Report [51-2], attached as Ex. "B" to Pl.'s Obj.  However, the incidents which are the subject of Plaintiff's Amended Complaint occurred on May 28 and 29, 2008.  *See* Am. Compl. [6], at pp. 3-6.  According to Defendants, "the videotape surveillance at JCADC was not working at the time of the shakedown so that counsel knows of no tape depicting the time period or incidents at issue in the complaint."  Defs.' Resp. [52] to Pl.'s Obj., at p. 3.

Plaintiff has not submitted any evidence that the cameras in the NE dayroom were in fact working on the relevant dates, May 28 and 29, 2008. Plaintiff has had over nine months to complete discovery, and the record reflects that Plaintiff has engaged in the discovery process. *See* Pl.'s Notices of Service of Interrogs. [27] and Reqs. for Produc. [28]. It is clear that both sides have had ample opportunity to conduct discovery, and have done so. The Court finds that additional discovery is not warranted, particularly after briefing on the parties' dispositive Motions and entry of a Report and Recommendation by the Magistrate. To the extent Plaintiff styles this argument as an objection, it is overruled.[1]

C.  Report and Recommendation

Because Plaintiff has filed an Objection to the Magistrate's proposed findings and recommendations, the Court applies a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1). Based on this review, the Court finds that the Magistrate Judge's Report and Recommendation is well reasoned, and that it correctly finds the applicable facts and applies the governing legal standards.

Plaintiff objects to the Magistrate Judge's finding that he failed to exhaust his administrate remedies, pursuant to the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). *See* Pl.'s Obj. [51], at p. 2; Report and Recommendation, at pp. 6-8. Plaintiff states that he "filed a grievance concerning [the taking and/or destroying

---

[1] Plaintiff argues that Defendants' discovery responses on January 29, 2009, were not responsive to his Interrogatories and Requests for Production, because the motion for discovery was not filed until November 14, 2009. As Defendants point out in their Response [52] to the Objection, the January 29, 2009, date was clearly a typographical error. Defendants' Notice of Service of these documents were both filed on January 29, 2010 [33], [34], rather than in 2009.

-3-

of] his personal property, when in fact, Plaintiff filed a grievance and also complain [sic] to his court appointed lawyer (Mr. Beau Rudder) concerning the incident." Pl.'s Obj. [51], at p. 2.

Plaintiff also objects to the Magistrate Judge's conclusion that his deprivation of property claim should be dismissed. *See* Pl.'s Obj. [51], at p. 3; Report and Recommendation, at pp. 32-33. Plaintiff maintains that his personal property was searched without him being present, and that this constituted an illegal search and seizure. *See* Pl.'s Obj. [51], at p. 3. However, as Defendants point out in their Response [52], Plaintiff had no constitutional right to be present during a search of his living area during the "shakedown." *See Block v. Rutherford*, 468 U.S. 576, 589-91 (1984).

Plaintiff further objects to the Magistrate Judge's finding that Plaintiff's alleged denial of adequate medical treatment rises to an actionable claim. *See* Pl.'s Obj. [51], at pp. 3-4; Report and Recommendation, at pp. 14-17. Plaintiff maintains that Defendants removed an arm brace without permission from the physician who had x-rayed his arm and determined that the brace was necessary. *See* Pl.'s Obj. [51], at pp. 3-4.[2]

---

[2] In this portion of his Objection, Plaintiff also seeks the transcripts of proceedings before Judge Robert Krebs in the Circuit Court of Jackson County, Mississippi, on June 3 and 4, 2008. *See* Pl.'s Obj. [51], at pp. 3-4. As the Court has already noted, Plaintiff has had ample opportunity to engage in discovery in this matter. Moreover, Plaintiff indicates that the purpose of obtaining these transcripts is to determine when the brace was removed, which he says was four (4) to five (5) days after the incident, rather than "approximately one week" as Ken Broadus stated in his affidavit. *See id.*; Aff. of Ken Broadus, at ¶ 5, attached as Ex. "F" to Defs.' Mot. for Summ. J. The Court, however, does not find these purported disputes of fact material to the summary judgment determination.

After thoroughly reviewing the findings in the Report and Recommendation, in addition to the positions advanced in the Motions and related pleadings, as well as in Plaintiff's Objection [51] and Defendants' Response [52] to his Objection, the Court finds that Plaintiff's Objection is not well taken or supported by the record, and should be overruled. The Court further finds that the Magistrate's Report and Recommendation should be adopted as the findings of the Court.

II. CONCLUSION

For the reasons stated herein, the Report and Recommendation [47] of Chief Magistrate Judge John M. Roper entered on August 5, 2010, should be adopted as the findings of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff's Objection [51] filed in this cause on September 3, 2010, should be, and hereby is, **OVERRULED.**

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Report and Recommendation [47] of Chief Magistrate Judge John M. Roper, entered on August 5, 2010, should be, and hereby is, adopted in its entirety as the findings of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff's Motion for Summary Judgment [46] should be, and hereby is, **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendants' Motions for Partial Summary Judgment [23] and for Summary Judgment [40] should be, and hereby are, **GRANTED**, and this civil action is hereby **DISMISSED**

**WITH PREJUDICE**.  A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 13th day of September, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE